**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4515

DONALD HOFFMAN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4516

RODNEY HOFFMAN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4517

CURTIS HOFFMAN,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-98-190)

Submitted: March 10, 2000

Decided: March 27, 2000

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia; Derrick W. Lefler, Princeton, West Virginia; Gregory M. Courtright, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Hoffman pled guilty to an information charging him with negligent violation of the Clean Water Act, 33 U.S.C. § 1319(c)(1)(A) (1994). Rodney Hoffman and Curtis Hoffman pled guilty to knowingly violating the Clean Water Act, 33 U.S.C. § 1319(c)(2)(A) (1994). The Hoffmans raise one issue in these consolidated appeals. They contend that the district court erred by not requiring a showing of "actual environmental contamination" before imposing a six-level enhancement to the base offense level under U.S. Sentencing Guidelines Manual § 2Q1.2(b)(1)(A) (1998). Under USSG § 2Q1.2(b)(1)(A), "[i]f the offense resulted in an ongoing, continuous, or repetitive discharge, release, or emission of a hazardous or toxic substance or pesticide into the environment, increase by 6 levels." The commentary to USSG § 2Q1.2 states: "[s]ubsection (b)(1) assumes a discharge or emission into the environment resulting in actual environmental contamination." USSG § 2Q1.2, comment. (n.5). Finding no reversible error, we affirm.

In reviewing an application of the sentencing guidelines, a district court's legal determinations are reviewed de novo and its factual

2

determinations are reviewed for clear error. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996).

The facts in this case are similar to United States v. Goldfaden, 959 F.2d 1324, 1331 (5th Cir. 1992). There, the defendant was convicted of dumping hazardous and industrial waste into the Dallas, Texas, sewer system. The court found that environmental contamination was a given. See id. Here, the Hoffmans engaged in a continuous practice of discharging contaminated waste water into the local sewer system. We find that under these facts, environmental damage can be assumed. See also United States v. Van Loben Sels, 198 F.3d 1161, 1165-66 (9th Cir. 1999) (discharging contaminated waste water into the sewer system was sufficient to show environmental damage); United States v. Cunningham, 194 F.3d 1186, 1202 (11th Cir. 1999) ("The government does not have to prove actual environmental contamination in order for the enhancement to apply."); United States v. Liebman, 40 F.3d 544, 551 (2d Cir. 1994) ("[W]hen a hazardous or toxic substance is discharged into the environment, it will be assumed that contamination of that environment ordinarily ensues.").

Accordingly, because the Hoffmans engaged in the continuous discharge of contaminated waste water into the sewer system, the six-level enhancement was appropriate. We affirm the Hoffmans' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3